NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 06-CV-171-HRW

RUNE WINGFIELD                                                                                    PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON, WARDEN                                                                    RESPONDENT

Rune Wingfield ("Wingfield") is a prisoner incarcerated at the Federal Correctional Institution-Ashland in Ashland, Kentucky, and has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 2]. This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As Wingfield is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

I.  **BACKGROUND**

On January 25, 2002, pursuant to a written plea agreement with the United States, Wingfield pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C.

§841. On September 27, 2002, Wingfield was sentenced to a 135-month term of incarceration to be followed by a three-year term of supervised release. Wingfield filed no direct appeal as he had waived this right under the plea agreement in most circumstances. The plea agreement did afford Wingfield the opportunity to receive sentencing credit if he assisted the United States in its drug investigations. Paragraph 7 of the plea agreement provided, in pertinent part, that:

> If the cooperation is completed after sentencing and the Government determines that such cooperation qualifies as "substantial assistance" pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, the Government will consider whether to file a motion for reduction of sentence. In either case, the defendant understands that the determination as to whether he has provided "substantial assistance" rests solely with the Government.

Shortly after sentencing, Wingfield contacted federal law enforcement officers in an effort to provide assistance in apprehending those involved in criminal drug activity. Wingfield's first effort appears to have involved using a third party to complete a drug transaction, conduct which was effected without prior government approval. After federal officials refused to file a request in court to give Wingfield sentencing credit for his activities, on September 19, 2003, his lawyer filed a motion requesting a downward departure based on his post-conviction assistance. On November 7, 2003, the Court denied that request. On December 29, 2003, Wingfield filed a motion to alter or vacate his sentence under 28 U.S.C. §2255 on the same grounds.

While that motion remained pending, on April 29, 2004, Wingfield met with federal officials to determine if he could provide useful information regarding possible criminal activity by Roland Mathis. While Wingfield cooperated during the discussions, the government again did not file a motion for a downward departure. The trial court denied his Section 2255 motion on February 15, 2005. On October 19, 2006, the Eleventh Circuit denied his request for a

certificate of appealability. *United States v. Wingfield*, 02-CR-62, Northern District of Georgia [Record Nos. 1, 4, 10, 12, 14, 15, 25, 32, 38, 42 therein].

In his present petition, Wingfield again alleges that the United States has breached its obligations under the plea agreement by failing to file a motion in the sentencing court requesting a downward departure.

## II. DISCUSSION

Wingfield's assertions are not cognizable through a habeas corpus petition pursuant to 28 U.S.C. §2241. Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). But it is not generally available to challenge his conviction or sentence itself. Instead, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. §2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

However, the "savings clause" of Section 2255 expressly permits a prisoner to seek habeas corpus relief under Section 2241 if his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. §2255, ¶5. While Wingfield does not expressly assert that his Section 2255 remedy is inadequate or ineffective to accomplish this, the Court liberally construes his petition, *Urbina*, 270 F.3d at 295, to invoke Section 2255's savings clause.

However, before Wingfield's claims may be considered on the merits under Section 2241, the Court must determine whether his remedy under Section 2255 is truly "inadequate or

3

ineffective." Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999); it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy is truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

Section 2255 is not rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Id.* at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d at 756.

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

Notwithstanding its label, the "factual innocence" requirement does not invite or permit the habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Id.*

4

at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause."). In other words, a petitioner may only use Section 2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of §2255 and proceed under §2241."); *Peterman*, 249 F.3d at 461-62.

Wingfield's claim, that the United States breached its obligations under the plea agreement by failing to file a motion for a downward departure, is not a claim of "actual innocence" because, even if true, the trial court would not have convicted him of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction. *Martin*, 319 F.3d at 805; *Charles*, 180 F.3d at 757. The Sixth Circuit has repeatedly held that the government's alleged breach of a plea agreement is not cognizable in a Section 2241 habeas proceeding. *Liddell v. Young*, 2003 WL 1194252 (6th Cir. 2003) (unpublished disposition); *Leon v. Hemingway*, 2002 WL 31863688 (6th Cir. 2002) (unpublished disposition); *Grover v. United States*, 2000 WL 191721 (6th Cir. 2000) (unpublished disposition).

Even were the Court able to reach Wingfield's claim on the merits, it would fail. The government's refusal to recommend a downward departure can only be challenged when it is caused by consideration of a constitutionally-protected factor such as race or religion. *United*

5

*States v. Hawkins*, 274 F.3d 420, 427 (6th Cir. 2001). Wingfield has neither alleged nor demonstrated such an impermissible factor operated here.

### III. CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) Petitioner James Wingfield's petition for a writ of habeas corpus is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This __9__ day of January, 2007.

Henry R. Wilhoit, Jr.
Senior United States District Court Judge

6